**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 10 2014, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. O'CONNOR**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| LATOYA C. LEE, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A02-1310-CR-867 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant W. Hawkins, Judge
Cause No. 49G05-1209-MR-62638

June 10, 2014

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Latoya Lee appeals her conviction and sentence for class B felony Attempted Aggravated Battery.[1] More particularly, Lee argues that the State presented insufficient evidence to support her conviction and contends that the trial court erred in identifying improper aggravating factors and failing to identify Lee's lack of criminal history as a mitigating factor. Lee also argues that her fifteen-year sentence is inappropriate in light the nature of the offense and her character. Finally, Lee asserts that the Abstract of Judgment mistakenly states that Lee was convicted of murder and asks that we remand the case to correct the error. Finding sufficient evidence and concluding that the trial court did not err in sentencing Lee, we affirm. However, we do find that the Abstract of Judgment erroneously shows that Lee was convicted of murder rather than attempted aggravated battery and remand with instructions to correct the error.

## FACTS

In September 2012, Tiara Robertson was living with Ramon Gude, her boyfriend, in an apartment in Indianapolis. Robertson had previously dated Lee's brother, Brandon Lee, and the two had a child together. Robertson, through Brandon, became close with Lee, even living with her for a period of time in 2011. Lee was upset when Robertson and Brandon ended their relationship.

On September 5, 2012, Robertson and Gude were at home, and Lee came to their apartment. Robertson and Lee, who did not like Gude, argued, and Gude confronted Lee, asking her why she had a problem with him. Gude hit Lee, who then left the apartment.

[1] Ind. Code § 35-41-5-1; Ind. Code § 35-42-1.5.

Before leaving, Lee angrily told Gude that she would be back. Robertson walked Lee to her black Chevy Malibu.

On September 7, 2012, Robertson and Gude were at home with their respective children. Around 6:00 or 7:00 in the evening, Gude went outside to wait for his children's grandmother to come and collect them. Gude called Robertson from outside the house and stated, "[t]hey are outside." Tr. p. 35. Robertson ran downstairs and saw Gude with Marquise Lee, Lee's son, and Lee. Marquise and Gude were fighting, and Marquise was overtaking Gude. Gude was attempting to get back into the apartment, and Robertson grabbed the back of his shirt and pulled him into the apartment. Billy Young, Marquise, and an unidentified man then rushed into the apartment. Robertson did not see Young or the unidentified man before they entered her apartment. Lee repeatedly told Robertson to get out of the way.

Young was carrying a gun and a clip, and gave them to Marquise, who kept handling the gun, but never placed the clip inside the weapon. Robertson was standing in front of Gude, trying to protect him. Young tried to hit Gude over Robertson. At this point, the unidentified man reached over Robertson and fired several shots at Gude from a handgun. Robertson then heard three more shots. Gude collapsed, and the intruders ran out. Robertson then called the police. At this time, Gude was alive and speaking to Robertson.

Emergency personnel arrived and attempted to save Gude. Indianapolis Metropolitan Police Detective Leslie Vanbuskirk took Robertson's statement. However,

3

Robertson did not provide any names because she was frightened. That night, Robertson and Detective Vanbuskirk went to see Gude at the hospital. They were told that he had died. An autopsy, performed the next day, revealed that Gude had five gunshot wounds. Two were "graze-type" wounds to his hands. Tr. p. 219. The fatal shot was to Gude's upper back, and the entry wound was a contact wound. The pathologist did not find any signs of blunt force trauma to Gude's body.

The following day, September 8, 2012, Robertson contacted the police and provided Detective Vanbuskirk with the names of the attackers; Robertson identified Marquise and Lee from a photo array. She did not know Young's name or identity. She told Detective Vanbuskirk about the fourth unidentified man whom she had never seen before. Detective Vanbuskirk later learned Young's identity, and, on September 17, 2012, Robertson identified Young from a photo array.

Lee, Marquise, and Young were charged with murder and conspiracy to commit murder.[2] All three waived their right to a trial by jury, and, on September 9 and 10, 2012, the trial court held a bench trial. During trial, the defendants moved to dismiss the conspiracy charges, and the trial court did so.

At trial, Palon Robinson, a neighbor who lived diagonally from Robertson's apartment, testified that she had heard an altercation between a man and a woman on a night in September 2012, although Robinson could not identify the man and woman. She

---

[2] We note that another panel of this Court has recently handed down an opinion affirming Marquise Lee's conviction for attempted aggravated battery. Lee v. State, No. 49A02-1310-CR-869, memo op. (Ind. Ct. App. May, 27, 2014).

4

also testified that on September 7, 2012, the day of the shooting, she heard what sounded like firecrackers and opened her door because she was concerned about firecrackers hitting her vehicle. When Robinson opened her door, she saw three or four people running and jumping into a small, black, four-door vehicle; she then saw the vehicle speed off. Robinson testified that all the people were black, that one was a woman, and that the rest were men. Robinson believed that the woman she saw on September 7, 2012, was the same woman she had seen fighting with a man earlier in September.

At the bench trial, Robertson testified that she believed the unidentified man had fired the shots. The trial court determined that Lee and her co-defendants were not responsible for the actions of the unidentified shooter and removed murder from consideration, as the evidence showed that all the defendants were surprised by the gunshots. However, the trial court stated that the State had proved beyond a reasonable doubt that Lee had arranged for a "beat down," and that "she was going to take some friends and family over there and they were going to pound on Ramon." Tr. p. 268.

The trial court found Lee guilty of attempted aggravated battery, and, on September 26, 2013, the trial court held a sentencing hearing. While the trial court noted that Lee had no criminal history, it considered Lee's failure to help identify or describe the shooter or admit that she had seen the shooter enter Robertson's apartment as aggravating factors. The trial court also considered the fact that she brought others to Robertson's apartment to seek revenge to be an aggravating factor. The trial court sentenced Lee to fifteen years imprisonment.

DISCUSSION AND DECISION

I. Sufficiency of the Evidence

Lee contends that the State did not present sufficient evidence to convict her of attempted aggravated battery. More particularly, Lee argues that the State failed to show that she intended to cause the harm required for a conviction.

When reviewing challenges to the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Bond v. State, 925 N.E.2d 773, 781 (Ind. Ct. App. 2010). Rather, we consider only the evidence most favorable to the verdict and the reasonable inferences drawn therefrom, and we will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the verdict. Id. Reversal is appropriate only when a reasonable trier of fact would not be able to form inferences as to each material element of the offense. Id.

The relevant portion of the aggravated battery statute, Indiana Code section 35-42-2-1.5, reads:

> A person who knowingly or intentionally inflicts injury on a person that creates a substantial risk of death or causes:
>
> (1) serious permanent disfigurement
>
> (2) protracted loss or impairment of the function of a bodily member or organ
>                           ***
> commits aggravated battery, a class B felony.

Indiana Code section 35-41-5-1 defines attempt:

6

A person attempts to commit a crime when, acting with the culpability required for the commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit murder is a Class A felony.

Additionally, an accomplice is criminally responsible for all acts committed by a confederate which are probable and natural consequence of their concerted action. Alvies v. State, 905 N.E.2d 57, 61 (Ind. Ct. App. 2009).

Therefore, in order to convict Lee of class B felony attempted aggravated battery, the State was required to prove beyond a reasonable doubt that Lee engaged in conduct that constituted a substantial step toward knowingly or intentionally inflicting an injury that created a substantial risk of death or an injury that would cause serious permanent disfigurement or the protracted loss or impairment of the function of a bodily member or organ. Mendoza v. State, 869 N.E.2d 546, 554 (Ind. Ct. App. 2007).

Here the evidence shows that Lee was angry with Gude after their altercation and threatened him that she would be back. Tr. p. 32. Two days later, Lee returned to Robertson's home with Marquise, Young, and the unidentified shooter. Id. at 35. Marquise began "throwing punches" at Gude and appeared to be getting the better of him. Id. at 36. Moreover, the evidence demonstrates that Marquise and Young came to Robertson's apartment armed with a handgun. Id. at 43-44. After Robertson pulled Gude inside, Young and Marquise followed, and Young handed a gun and clip to Marquise. Id. Under these circumstances, a reasonable trier of fact could determine that

7

Lee committed class B aggravated battery. Therefore, we conclude that the evidence was sufficient to support Lee's conviction.

As we find sufficient evidence to support Lee's conviction for class B felony attempted aggravated battery, we also decline Lee's request to reduce her conviction to class B misdemeanor battery.

## II. Challenges to Sentence

### A. Aggravating and Mitigating Factors

Lee contends that the trial court abused its discretion when it considered her refusal to identify, describe, or admit to seeing the unidentified shooter. She also argues that the trial court erred when it did not consider her lack of criminal history as a mitigating factor.

Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007). Indeed, a trial court "may impose any sentence that is: (1) authorized by law; and (2) permissible under the Constitution of the State of Indiana . . . regardless of the presence or absence of aggravating circumstances or mitigating circumstances." Ind. Code § 35-38-1-7.1(d). A trial court abuses its sentencing discretion if its decision is clearly against the logic and effect of the facts and circumstances before it, or the reasonable, probable, and actual deductions to be drawn therefrom. Childress v. State, 848 N.E.2d 1073, 1078 (Ind. 2006).

8

When imposing the sentence, a trial court is not obligated to find a circumstance to be mitigating merely because it is advanced by the defendant. Felder v. State, 870 N.E.2d 554, 558 (Ind. Ct. App. 2007). An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. Anglemyer, 868 N.E.2d at 493. A trial court does not abuse its discretion by failing to consider a mitigating factor not argued at sentencing, and it has no obligation to weigh aggravating and mitigating factors against each other. Id. at 491-92.

As noted above, Lee maintains that the court improperly considered her refusal to identify, describe, or admit to seeing the unidentified shooter as an aggravating factor. Lee argues that, by considering her refusal to identify the unknown shooter, the trial court interfered with her right to maintain her innocence. Appellant's Br. p. 19.

Lee is correct that a defendant has the right to maintain her innocence through all stages of the criminal proceeding, including sentencing. Kien v. State, 782 N.E.2d 398, 412 (Ind. Ct. App. 2003). It is not an aggravating factor for a defendant, in good faith, to consistently maintain his innocence. Id. However, Lee could have identified the shooter while maintaining her innocence; there is no inherent conflict. Therefore, her refusal to identify or describe the shooter was a proper aggravator for the court to consider.

Lee also contends that the trial court failed to consider her lack of criminal history as a mitigating factor. However, it is clear from the record that the trial court did consider Lee's lack of criminal history. The trial court expressly stated that she had no

9

criminal history, and determined that the aggravating factors outweighed the mitigating factors: "Latoya who has no criminal history takes two people with her to seek justice, for whatever reason." Tr. p. 334. The trial court was not required to give significant weight to Lee's lack of criminal history. Stout v. State, 834 N.E.2d 707, 711 (Ind. Ct. App. 2005). The trial court did not fail to consider Lee's lack of criminal history, nor did it err simply because it did not give her lack of criminal history the weight Lee would have wished. Thus, this argument fails.

B. Appropriateness of Lee's Sentence

Lee next argues that her sentence was inappropriate in light of the nature of her offense and her character. The statutory sentencing range for a class B felony is six to twenty years, with an advisory of ten years. Ind. Code § 35-50-2-5. As outlined in Indiana Rule of Appellate Procedure 7(B), we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. In reviewing a Rule 7(B) appropriateness challenge, we defer to the trial court. Stewart v. State, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). Under Rule 7(B), the question is not whether another sentence is more appropriate, but whether the sentence imposed is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind.2006). The defendant bears the burden of persuading this Court that his sentence is inappropriate. Id.

When examining the nature of the offense, the evidence demonstrates that Lee sought retribution from Gude and brought Marquise and Young back with her to "seek

10

justice." Tr. p. 334. Lee threatened Gude that she would be back, and she knew that violence was the inevitable result of bringing the men to Robertson's apartment. Id. at 32, 35, 38. Thus, the nature Lee's offense avails her of nothing.

Turning to Lee's character, while she does not have a lengthy criminal history, she has had several run-ins with the criminal justice system. PSI p. 4-5. Rather than learning from these experiences, she chose to delve further into lawlessness by taking it upon herself to seek revenge. Under these circumstances, we do not find that Lee's sentence was inappropriate in light of that nature of the offense or her character.

### III. Error in the Abstract of Judgment

Finally, Lee asserts that the Abstract of Judgment mistakenly states that Lee was convicted of Murder, and asks that we remand the case to correct the error.

The Abstract of Judgment states that Lee was found guilty of murder. Appellant's App. p. 20. While the comments in the Abstract of Judgment do correctly state that Lee was found guilty of class B felony attempted aggravated battery, the document as a whole is misleading. We agree with Lee that "[t]his document will follow her all of her life and should be corrected to accurately reflect her conviction." Appellant's Br. p. 3 n.1. Thus, we remand for correction.

The judgment of the trial court is affirmed, but we remand with instructions to the trial court to correct the abstract of judgment.

BARNES, J., and CRONE, J., concur.

11